UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-5792 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| JOHN DOE, subscriber assigned IP address 76.29.0.46 | ) | Magistrate Judge Young B. Kim |

MOTION TO RECONSIDER
MINUTE ENTRY DATED SEPTEMBER 4, 2018
GRANTING MOTION TO SERVE THIRD-PARTY SUBPOENA
PRIOR TO RULE 26(f) CONFERENCE (DOC. 9)

JOHN DOE subscriber assigned IP address 76.29.0.46 moves this Court to reconsider its Order granting leave to conduct early discovery (Doc. 9) and require the Plaintiff to show it has evidence of infringement. That is, Doe believes this Court should require the Plaintiff to show it has evidence that a *protectable* portion of a copyrighted work from Doe's IP address (as opposed to a third-party's IP address) before it allows early discovery. To be clear, Doe does not seek to have this Court deny all requests for early discovery. Rather, Doe asserts that plaintiffs should not enjoy early discovery if they hide the full story from the Court. To support his motion, Doe states:

**Introduction**

Despite its duty to present a fair and balanced picture when seeking *ex parte* relief, Malibu Media, LLC ("Malibu") submitted a one-sided and biased view of its "evidence" when seeking early discovery. The careful wording of the filings and past cases involving IPP suggest that it does not have evidence that anyone used Doe's IP address to infringe a copyright. If Malibu has the evidence it suggests it does, then it should present it, accounting for both the good and the bad, to the Court. Then, and only then, will the Court have a sufficient basis to burden Doe with the costs of defending

1

this suit and the possibility of being publicly named as the downloader of pornographic films. Doe submits that Malibu sold this Court on early discovery without the full story.

Given past cases involving Malibu's investigator, IPP International U.G. ("IPP") and the careful wording of the Complaint (Doc. 1) and declarations in support for early discovery, it is plain that IPP lacks the evidence it carefully implied it has. Doe expects that if asked to do so, neither Malibu nor IPP will provide any evidence that they gathered any protectable element of a copyrighted work from Doe's IP address. Without a full picture of the facts, this Court should reconsider its Order. It should require Malibu to show that it has evidence that someone at Doe's IP address was committing copyright infringement before allowing early discovery. To do otherwise will countenance a fishing expedition that will cost Doe tens of thousands of dollars. The Court is already cognizant of the potential costs of this matter outstripping its real value. (Doc. 9). To impose such a costly burden on a Doe, when Malibu cannot even plead copyright infringement, is unjust.

This motion does not seek to deny a subpoena. Doe disputes that suing a Doe associated with an IP Address meets federal pleading standards. *See, Cobbler Nev., LLC v. Gonzales*, 2018 U.S. App. LEXIS 24183, *1 (9th Cir. Aug. 27, 2018). But, Doe accepts that some courts determine that copyright holders must start somewhere. Instead, Doe asks this Court to require Malibu to honestly account for its investigator's failures and present a full accounting of the situation – as is its duty in *ex parte* proceedings. Unless Malibu establishes that its investigator downloaded protectable elements of copyrighted works from the IP address, this Court should not subject Doe to the costs of defending an inadequately investigated and plead complaint. *See*, Fed. R. Civ. P. 11.

Malibu failed to inform the Court that many times, those accused by IPP are innocent. Also, recent persuasive authority from the Ninth Circuit, various dismissals admitting that those fingered were not infringers, and IPP's inability to present evidence at dispositive motions show that IPP's "evidence" is all sizzle and no steak. Finally, Malibu failed to account for the costs innocent persons

incur to prove their innocence before IPP's clients dismiss the case. It knows these amounts and has even likely reimbursed Does for costs incurred in defending themselves.

Doe wants to avoid the significant financial burdens associated with Malibu's fishing expeditions. His privacy interest allows him to do just that. But, if IPP provided Malibu sufficient and competent evidence to connect his IP address to infringing activity, he hopes that Malibu will reimburse him for the costs associated with proving his innocence if the case moves forward. But, if Malibu lacks that evidence in the first place, then he should not have to bear the burden to begin with.

## Law

Federal Rule of Civil Procedure 54(b) allows courts to alter or amend an interlocutory order at any point before judgment. Fed. R. Civ. P. 54(b). "Every order short of a final decree is subject to reopening at the discretion of the district judge. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12 (1983). Unlike motions under Rules 59 or 60, a motion to reconsider can be granted "as justice requires" *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F.Supp. 1154, 1160 (N.D. Ind. 1995). Motions to reconsider are appropriate to correct manifest errors of law, errors of fact, or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.* 90 F.3d 1264, 1269 (7th Cir. 1996).

## Important information undisclosed by Malibu
## when seeking early discovery

Malibu presented a rosy picture, a half-truth, with very careful wording. A careful review of the Complaint's allegations and the declarations demonstrate that Malibu lacks any evidence that anyone (let alone the subscriber) at the complained of IP address infringed its works.

Malibu hired IPP to investigate a person, identifying him as an infringer, and to investigate his computer transactions, conduct, whereabouts, and the source of damages to its intellectual property rights. (Docs. 7-1, p. 4, ¶¶ 16-18; 1, ¶ 25). Problems with IPP and its investigation are legion as both

Malibu and IPP know. Yet, Malibu failed to mention this information to the Court when seeking leave for early discovery.

**First,** Malibu failed to inform the Court that it lacks evidence of copyright infringement at Doe's IP address. Rather, careful wording suggests that the only evidence of copyright infringement comes from third-parties - not from Doe or his IP address. Malibu complained that IPP downloaded pieces of the complained of works from Doe's IP address. (Doc. 1, ¶ 19). But, IPP downloaded full, playable, movies from the file distribution network or "swarm." (Doc. 1, ¶ 21). Thus, the full picture is that IPP downloaded pieces from Doe's IP address, but the playable movie was downloaded from others.[1] Only the "digital media file[s]," *i.e.* those downloaded from the swarm, were verified to contain a digital copy of the complained of works. (Doc. 1, ¶ 22). Neither IPP nor Malibu provide any evidence that a protectable element of a copyrighted work was downloaded *from Doe's IP address*. Tobias Feiser's form declaration fares no better. It claims IPP connected with the complained of IP Address, IPP received "pieces of" the complained of works from the IP address, and that reassembling pieces (without saying who they came from) results in a playable pornographic film. (Doc. 7-3, p. 2). Again, nothing suggests that what IPP downloaded from Doe was a protectable portion of the work. Instead, the protectable elements were gathered from third-parties.

Malibu well knows of this what IPP can and cannot provide. It is one of the most prolific copyright plaintiffs in the United States. *See,* Sag, M., *IP Litigation in US District Courts: 1994 to 2014*, 101 Iowa Law Review 1065-1112 (2016) (empirical study showing Plaintiff to be so prolific that in 2014 was the plaintiff in over 40% of all copyright suits in the country). With such experience, both Malibu and its attorneys should have a good grasp on what evidence it has at hand.

---

[1] This Court can safely disregard the allegation that Doe "copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit." (Doc. 1, ¶ 31). First, the Complaint is bereft of any support for this legal conclusion (as opposed to someone else did the copying). Second, even if he did, the standard for infringement is not the copying of any element of a work. Rather, it is the copying of a *protectable* element.

IPP failed to provide its clients with this crucial evidence in the past. For example, IPP provided investigation services in *Malibu Media LLC v. Doe* No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798, *7 (N.D. Ill. Feb. 8, 2016). That court determined that Malibu could not show copying of "constituent elements of the work that are original." *Id.* at *21, citing, *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (providing the standard for copyright infringement). The Court pointed out that, even if Malibu were able to show Doe copied and distributed the pieces, Malibu still failed to show there was copying of a *protectable* element of the works. Nothing allowed the court to determine that the "'bits' and 'pieces' captured by IPP's technology as allegedly distributed from Doe's IP address meet the standard of originality justifying a finding that they are protectable elements of the works." *Id.* at 24. Importantly, the Court acknowledged that Doe sought information whether the bits and pieces was the entire movie or some small, unprotectable portion of the film. *Id.* at *24-25. But neither the plaintiff nor IPP could explain whether they were. *Id.* at *25-26.

That case involved the same plaintiff, the same attorneys, the same unlicensed private detective agency, in the same District. It is no accident that Malibu used careful wording in the instant Complaint. On one hand, it wants this Court to believe it plead copyright infringement by Doe. On the other, it cannot say IPP gathered any evidence of infringement by Doe or anyone at his IP address.

Magistrate Judge Young B. Kim conducted a mediation in the aforementioned case. *Minute Entry,* Doc. 138, *Malibu Media, LLC v. Doe,* Doc. 138, Case No. 1:13-cv-6312 (Mar. 20, 2015). A few months later, Magistrate Kim saw another Malibu case. There, he ordered the parties conduct certain limited discovery and proposed a means to keep costs under control. *Notification of Docket Entry*, Doc.28, *Malibu Media, LLC v. Sattler*, Case No. 1:14-cv-05220 (June 10, 2015). He ordered that the defendant was to issue specific discovery regarding Malibu's technical evidence and set a hard date for its response. *Id.* The result? A prompt dismissal. *Stipulation of Dismissal with Prejudice*, Doc. 29, *Malibu Media, LLC v. Sattler*, Case No. 1:14-cv-05220 (June 22, 2015).

Just like Malibu knows IPP cannot bring evidence it suggested it had at the outset of this case, IPP must know it oversold what it possesses. Its other clients have run into the same problems that Malibu suffers. In a Western District of Washington case, a Doe defendant sought to compel discovery related to the purported evidence of infringement possessed IPP its client, the plaintiff. *Motion to Compel Responses to Defendant's Request for Production of Documents*, Set 1, Doc. 51, *Strike 3 Holdings, LLC v. Doe* (W.D.Wa. Aug. 9, 2018). Rather than provide the documents or substantively respond to the motion, IPP's client dismissed the case. Doc. 53, *Strike 3 Holdings, LLC v. Doe* (W.D.Wa. Aug. 24, 2018). Given IPP's repeated failures to put up the evidence it suggests it has, the result was no surprise. Despite years to shore up its evidence collection and presenation, IPP and its clients still cannot produce evidence that someone at a given IP address engaged in infringement.

**Second**, Malibu failed to advise the Court that IPP's investigations often finger the wrong person, in turn, forcing them to incur the costs of defending Malibu's suits. In fact, sometimes, Malibu explicitly states that the Doe was not the likely infringer. *See,* Stipulation for Dismissal With Prejudice, Doc. 30, *Malibu Media, LLC v. Doe*, Case No. 4:18-cv-00621 (S.D.Tex. August 3, 2018) (IPP investigated complaint resulting in a voluntary dismissal stating that Doe was not the infringer, but only after discovery responses were due); Order Granting Joint Motion to Dismiss, *Malibu Media, LLC v. Levin*, Doc. 48, Case No. 1:15-cv-10133-RA (S.D.N.Y. June 6, 2017) (IPP investigated complaint resulting in a voluntary dismissal stating that Doe was not the infringer). Yet, those Does had to pay to defend those actions.

**Third**, Malibu failed to inform the Court that IPP unlawfully obtained the purported evidence supporting the early discovery because IPP is not a licensed private detective or private detective agency in Illinois. In Illinois, a private detective is someone "who, by any means, including . . . electronic methods, engages in the business of, accepts employment to furnish, or agrees to make or makes investigations for a fee or other consideration to obtain information relating to: . . . the identity,

habits, conduct, . . . , whereabouts, . . . transactions, acts, . . . of any person" and the "cause, origin, or responsibility for . . . injuries to . . . personal property," and "securing evidence to be used before any court. . . . " 225 ILCS 5/10. Agencies are those who use private detectives. *Id.* Private detectives and detective agencies must be licensed. 225 ILCS 447/10-5. If not, their investigations are unlawful.

According to the Illinois Department of Professional and Financial Regulation, IPP is not licensed to conduct private investigations.[2] It certainly studied the transactions of someone allegedly using Doe's IP address, the supposed cause, origin, and responsibility for injury to its property, and secured evidence to use in this Court – which it already did. Thus, IPP's supposed evidence was unlawfully collected.

## Argument

This motion presents the Court with a reasonable means of balancing (i) BitTorrent copyright plaintiffs' need to pursue infringement claims against (ii) burdens placed on innocent individuals by the litigation process. It does so by asking the Court to require Malibu to present the full picture of its evidence. Under the Illinois Rules of Professional Conduct, Malibu's attorney had a heightened duty to present the full picture. Ill. R. Prof. Conduct 3.3 ("In an ex parte proceeding, a layer shall inform the tribunal of *all* material facts known to the tribunal to make an informed decision*, whether or not the facts are adverse.*") (emphasis added). It did not do so.

Doe expects that Malibu will not provide evidence that Doe or anyone at his IP address committed infringement. Doe anticipates Malibu will rely on the fact that *third-parties* downloaded the film. But, any data IPP may have downloaded from John Doe's IP address did not make up a protectable element of a creative work. If this is the best Malibu can do, Doe submits that early

---

[2] Undersigned conducted searches for both IPP International U.G. and Tobias Feiser on the Illinois Department of Financial and Professional Regulation's website. The "Search for a License" function, available at https://ilesonline.idfpr.illinois.gov/DFPR/Lookup/LicenseLookup.aspx reported no licenses for either entity, in any field, let alone private detective or detective agency licenses.

discovery should be denied. If Malibu cannot plead infringement, then it is not entitled to force Doe to incur tens of thousands of dollars in costs to defend the action.

I.    Doe has a privacy interest providing him standing and grounds to seek reconsideration of the Court's Order

This Court should determine Doe has standing to ask the Court to reconsider its order allowing the subpoena because of his personal privacy interest in protecting his identity. Courts, including this one, have often have found standing in cases ". . . even where the Movant's privacy interest is minimal at best." *HTG Capital Partners, LLC v. Doe,* No 15 c 02129, 2015 U.S. Dist. LEXIS 126358, at *9 (N.D. Ill. Sept. 22, 2015).

Standing arises from a personal interest. That includes privacy interests. *See, Carpenter v. U.S.* 138 S.Ct. 2206 (2018) (affirming individual's right to privacy concerning information collected by cell phone providers). Congress recognizes privacy interests in internet subscribers personally identifying information. *See,* 47. U.SC. § 551. Even minimal privacy interests provide sufficient grounds to challenge subpoenas in BitTorrent related cases. *Sunlust Pictures, LLC v. Doe,* No. 12 C 1546, 2012 U.S. Dist. LEXIS 121368, *5-6 (N.D. Ill. Aug. 27, 2012); *Malibu Media, LLC v. Does 1-25,* No. 12-362, 2012 U.S. Dist. LEXIS 84948, *2 (S.D. Cal. June 21, 2012); *Hard Drive Prods. v. Doe*, No. 11 C 9062, 2012 U.S.Dist. LEXIS 82927, at *9 (N.D.Ill. June 14, 2012).. Even though Doe shared his identity with his internet service provider, his interest remains sufficient for purposes of standing. *Third Degree Films, Inc. v. Does 1-108*, No. 11-3007, 2012 U.S. Dist. LEXIS 25400, *2 (D.Md. Feb. 28, 2012).

With a protectable privacy interest established, Doe has sufficient standing to ask this Court to reconsider its Order.

II.    Doe's interest in protecting his identity and avoiding the costly burden of defending this suit outweighs Malibu's interests in finding an infringer when Malibu lacks evidence that Doe's IP address was used to infringe a copyrighted work

Malibu presented this Court with an unbalanced picture without acknowledging or presenting the holes in its investigation. Neither Malibu nor IPP presented the Court with evidence that someone

at Doe's IP address infringed one of Malibu's works. Even if they did, that does not mean that Doe was the infringer. It certainly did not present the Court with any argument or suggestion of the burden that a Doe defendant faces when being improperly accused of infringement. If presented, this Court could have, and should have, determined that Doe's burden outweighs Malibu's need for the information.

If Malibu publicly names Doe as an infringer, he will endure being known as unlawful downloader of pornography. Doe's privacy interest would typically prevent this harsh result. But, if his privacy interest is disregarded or overcome, Doe faces the cost of moving to proceed anonymously. Then, if this case proceeds, it will force Doe to draft and file an answer and affirmative defenses.[3] And, Malibu will not know any more about Doe until after a Rule 26 conference – the earliest point it can serve discovery. Thus, Doe will be on the hook for the costs of all legal efforts to that point. Then, and only then, would Doe be able to show IPP and Malibu were not forthright. He could then serve discovery aimed at uncovering the evidence of infringement from Doe's IP address, or lack of the same.

Both of undersigned counsel regularly defend BitTorrent cases. Even with the efficiency coming with experience in these cases (and in particular, with IPP), reviewing the filings, researching the applicable case law for the jurisdiction, and drafting and filing of a (i) motion to proceed anonymously; (ii) an answer and affirmative defenses; (iii) counterclaims; (iv) Rule 26 report; and (v) initial round of discovery can cost $10,000 to $15,000. Given the Court's directive concerning proportionality in discovery, it is improper to speculate on the costs of electronic discovery.

---

[3] Filing a motion to dismiss would be foolhardy as Malibu could utilize Federal Rule of Civil Procedure 41 to dismiss Doe, he will (arguably) not be a prevailing party, and he will be out the costs of defending the action despite 17 U.S.C. §505's fee shifting provisions.

These costs are part and parcel of the BitTorrent copyright business model. At least one court has explained that the costs of defending these actions is a fundamental component allowing these sorts of actions to flourish.

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—*for a sum calculated to be just below the cost of a bare-bones defense.* For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloadi ng porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

*Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx), 2013 U.S. Dist. LEXIS 64564, at *1-2 (C.D. Cal. May 6, 2013) (emphasis added).

So, even if Malibu wants to escape this case after being served with discovery revealing the holes in its case, it still subjected Doe five figure costs to defend this suit. While this may be insignificant to a company like Malibu – generating significant revenues from its litigation business model – it is quite the burden to Doe. So, while Malibu might have an interest in his identity, this Court should require it to show what it has before determining that interest outweighs Doe's privacy interest.

III.   <u>Doe's interests in protecting his identity overcome Malibu's interest in his identity when the information will not identify the infringer and its allegations do not meet federal pleading standards</u>

Discovery is only appropriate when the information sought is relevant. Fed. R. Civ. P. 26(b)(1). The information sought by the subpoena must be "reasonably calculated to lead to the discovery of admissible evidence" Fed. R. Civ. P. 26(b)(1). Here, Malibu does *not* seek the identity of the infringer. Rather, it seeks the identity of the bill payer.

Here, the information sought, the identity of the subscriber, is not relevant. It is not calculated to lead to the identity of the purported infringer. It could be "someone in [his] household, a visitor . . . , a neighbor, or someone parked on the street at any given moment." *SBO Pictures, Inc. v. Does 1-3,036*,

2011 WL 6002620, *3 (N.D. Cal. Nov. 30, 2011). In fact, the Ninth Circuit Court of Appeals has determined that does not correlate to the infringer.

In *Cobbler Nev., LLC v. Gonzales*, the Ninth Circuit determined whether allegations similar to those leveled in this case were adequate to support a complaint. 2018 U.S. App. LEXIS 24183 (9th Cir. Aug. 27, 2018). There the plaintiff sued the subscriber despite the fact that "the internet service was accessible to both residents and visitors at an adult care home" and concluding "it does not appear that [Gonzales] is a regular occupant of the residence or the likely infringer." *Id.* at*4. After publicly naming Gonzales as the downloader, the plaintiff filed a second amended complaint naming the IP address as the infringer, again. *Id.* at *6. The Ninth Circuit acknowledged that there is an obstacle to determining the correct defendant, but "this complication does not change plaintiff's burden to plead factual allegations that create a reasonable inference that the defendant is the infringer." *Id.* at *8. In the end, the Ninth Circuit "consider[ed] whether a bare allegation that a defendant is the registered subscriber of an [IP] address associated with infringing activity is sufficient to state a claim for direct or contributory infringement." *Id.* at *1. The Ninth Circuit stated, "We conclude that is not." *Id.* at *1.

Similarly, nothing in the Complaint demonstrates that Doe, as opposed to another user of his IP address, is an infringer of Malibu's copyrights. Malibu has to provide something more at this stage of the proceedings. While Malibu's position is unenviable, federal pleading standards simply require more than guesswork.

IV.    <u>Requiring Malibu to demonstrate it has a good-faith basis to bring this suit before requiring Doe to assume the burden of defending it strikes a fair balance in BitTorrent copyright suits</u>

Doe stresses he is not arguing for a bar on early discovery in all BitTorrent copyright cases, even if it were appropriate. Instead, he asks the Court to require Malibu to explain whether it has lawfully gathered evidence that someone at Doe's IP address, as opposed to some other person at

11

another IP address, copied or distributed a *protectable* element of a work. That is, does Malibu have any pre-suit evidence suggesting someone at Doe's IP address, let alone Doe himself, infringed?

This Court now knows that, many times, IPP's investigations do not name the actual infringer. The Court now knows that IPP's investigation violated Illinois law. It also has learned that IPP failed to produce any evidence of infringement, despite causing a Doe to incur the costs of a defense through summary judgment. And, the Court is aware of the significant burdens, both personal and financial, that subpoenas like this one cause Doe defendants. These new facts provide an adequate basis to reconsider its Order.

This Court should require Malibu and IPP to present a full picture of the investigation. The good, the bad, and the ugly. And then, Malibu and IPP should submit some competent evidence that Does' IP address was used to copy or distribute a protectable element of the works. If they can do so, perhaps that tips the balance of burdens and the Court could award early discovery and burden Doe.  But, if Malibu lacks evidence that Doe' s IP address was used to infringe the works, it lacked a good-faith basis to bring this suit in the first place. In such a situation, the Court should deny early discovery. Given the careful wording of the Complaint, Mr. Feiser's declaration, and IPP and Malibu's past performance, Doe expects the latter will take place. If so, the Court should protect Doe's privacy interest by allowing him to avoid the burden of defending against a fishing expedition.

## Conclusion

Malibu obtained the right to seek early discovery by telling a one-sided story in an *ex parte* proeeding. Now that the Court knows more about the investigation and the large holes in Malibu's story, it should reconsider the Order granting Malibu early discovery. If it does not, Doe will be forced to spend tens of thousands of dollars to defend a claim that Malibu can "cut-and-run" from once Doe seeks discovery. This Court should protect Doe from these costs and protect the integrity of the

judicial process. It can do so by requiring Malibu to show, *now*, the evidence it has that Doe's IP address downloaded the works – not some third party.

Respectfully submitted,
JOHN DOE, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Phillips, Ltd.
230 Southwest Adams
Suite 310
Peoria, Illinois 61602
Tel:     (309) 494-6155
Fax:     (309) 494-6156
Email:  jphillips@shay-law.com

/s/ Erin K. Russell
Erin K. Russell
The Russell Firm
650 West Lake Street
Suite 210 A
Chicago, Illinois 60661
Tel:     (312) 994-2424
Email:  erin@russellfirmip.com

**Notice of Filing & Certificate of Service**

Undersigned certifies and states that on September 28, 2018, he filed the foregoing document using the Court's CM/ECF system, causing the same to be served on all parties by electronic mail.

/s/ Jonathan LA Phillips